EXHIBIT A

## IN THE COMMON PLEAS COURT
## SANDUSKY COUNTY, OHIO

SANDUSKY COUNTY
COMMON PLEAS COURT
FILED

2022 AUG 23  AM 10: 29

CHRIS SCHNEIDER
CLERK

| | |
|---|---|
| Mark A. Herman<br>350 CR 108<br>Fremont, OH 43420 | ) Case No. 22 CV 15<br>)<br>) |
| Plaintiff, | ) Judge Judge Jeremiah S.<br>)<br>) COMPLAINT FOR BREACH OF<br>) CONTRACT, BREACH OF |
| vs | ) FIDUCIARY DUTY, AIDING AND<br>) ABETTING BREACH OF CONTRACT, |
| David Johnson<br>9145 Las Vegas Blvd. #3106<br>Las Vegas, NV 89123, | ) AIDING AND ABETTING BREACH OF<br>) FIDUCIARY DUTY, FRAUD<br>) AND CONVERSION<br>) |
| John Jankowski<br>9555 S. Eastern Ave. #1<br>Las Vegas, NV 89123, | ) James H. Ellis III (Bar #0072223)<br>) Ellis Law Office, LLC<br>) 506 Court Street |
| And | ) Fremont, Ohio 43420<br>) Voice: (419) 332-4722<br>) Fax: (419) 334-8590 |
| John Doe<br>Name and Address Unknown, | ) Email: jellis@elo-law.com<br>) Counsel for Plaintiff<br>) |
| Defendants | )<br>) |

State of Ohio, Sandusky County, SS:
I hereby certify that this is a true copy of
the original document now on file in my
office this ___ day of _____,
20___.
CHRIS SCHNEIDER
Sandusky County Clerk of Courts
By _____
Deputy Clerk

Now comes Plaintiff Mark A. Herman for his Complaint Against Defendant David
Johnson, Defendant John Jankowski and John Doe and states as follows:

### Preliminary Facts

1. Plaintiff Mark Herman is at all times herein alleged a resident of Sandusky
County, Ohio.

2. Plaintiff is informed and believes and thereon alleges that Defendant David
Johnson represented himself to be an experienced and knowledgeable dealer in coins and
other valuable items and having his principal place of business in Las Vegas, Nevada.
The last known address of Defendant Johnson is as stated in the caption of this complaint.

1

3. Plaintiff is informed and believes and thereon alleges that Defendant John Jankowski is an experienced and knowledgeable dealer in coins and other valuable items and having his principal place of business in Las Vegas, Nevada. The last known address of Defendant Jankowski is as stated in the caption of this complaint.

4. Plaintiff is informed and believes and thereon alleges that, at all times pertinent hereto, Defendant John Doe, whose name is unknown and whose identity has not been fully determined, worked in concert with the other defendants in carrying out the wrongful conduct alleged herein.

5. Plaintiff is the owner of collector coins (hereinafter the "Coins") and a coin bundle later purchased in the name of Plaintiff (hereinafter the "Coin Bundle"), all of which have a total value of over $20,000.50.

6. Pursuant to an oral agreement entered into between Plaintiff and Defendant Johnson (hereinafter the "Coin Sale Agreement"), in January 2022, Plaintiff mailed the Coins in four shipments to Defendant Johnson to be sold by Defendant Johnson, as the agent for Plaintiff, for the benefit and profit of Plaintiff.

7. Thereafter, Plaintiff and Defendant discussed which of the Coins in the first shipment would be initially sold by Defendant pursuant to the Coin Sale Agreement. Plaintiff is informed and believes and thereon alleges that Defendant then sold certain of the Coins for the sum of $1,400.00, which amount was remitted to Plaintiff.

8. Pursuant to a further oral agreement between Plaintiff and Defendant Johnson (the "Coin Bundle Agreement"), in January 2022, Defendant Johnson purchased the Coin Bundle for the sum of $1,650.00 using funds provided by Plaintiff to be resold by Defendant Johnson, as the agent for Plaintiff, for the benefit and profit of Plaintiff.

2

9. After the purchase of the Coin Bundle as alleged herein, Plaintiff contacted the individual who had sold the Coin Bundle to Defendant using Plaintiff's identity and Plaintiff's funds, who stated that he would not have completed the transaction if he had known of Defendant's involvement in the transaction.

10. Subsequent to the aforementioned activities, Defendant Johnson disclosed to Plaintiff that he was previously caught selling a fake coin using eBay causing all coin sales by Defendant on eBay to be frozen, as well as damaging Defendant's reputation.

11. Plaintiff is informed and believes and thereon alleges that, Defendant has sold other of the Coins and failed to deliver the proceeds of these sales to Plaintiff and failed to sell the remaining Coins and the Coin Bundle, while refusing to return all of the unsold Coins and Coin Bundle to Plaintiff.

12. Defendant John Jankowski disclosed to Plaintiff that Defendant Johnson was a close associate of his and admitted to being aware of Defendant David Johnson's eBay violation and account freeze for selling a fake coin. Plaintiff is informed and believes and thereon alleges that Defendant Jankowski assisted Defendant Johnson in committing the acts described herein.

13. Further, Plaintiff is informed and believes and thereon alleges that Defendant Jankowski, working in collusion with Defendant Johnson, offered to buy the remaining Coins in the possession of Defendant Johnson and, himself resell the Coins.

3

## FIRST CLAIM FOR RELIEF
### Breach of Contract
### (Against Defendant David Johnson)

14. Plaintiff repeats and realleges as part of this claim each of the allegations contained in Paragraphs 1 through 13 of this complaint, with like effect as if herein fully repeated.

15. Defendant Johnson failed to sell the Coins and the Coin Bundle as agreed by the parties and deliver the proceeds of the sales to Plaintiff, in breach of the Coin Sale Agreement and the Coin Bundle Agreement.

16. Defendant Johnson has continuously failed and refused to account to Plaintiff as to the whereabouts of the Coins and the Coin Bundle and, as to any of the Coins sold, account for or deliver the proceeds of the sales of any of the Coins to Plaintiff, in further breach of the Coin Sale Agreement and Coin Bundle Agreement, despite repeated demands by Plaintiff that he do so.

17. As a direct, proximate and foreseeable result of the Defendant Johnson's breach of the Coin Sale Agreement, Plaintiff has been damaged in the sum of at least $20,000.00.

## SECOND CLAIM FOR RELIEF
### Breach of Fiduciary Duty
### (Against Defendant David Johnson)

18. Plaintiff repeats and realleges as part of this claim each of the allegations contained in Paragraphs 1 through 17 of this complaint, with like effect as if herein fully repeated.

4

19. Plaintiff entrusted Defendant Johnson with the care and possession of the Coins for the purpose of resale for benefit and profit of Plaintiff, thereby creating a fiduciary relationship between Plaintiff and Defendant Johnson as to the Coins.

20. Plaintiff entrusted Defendant Johnson with the care and possession of the Coin Bundle for the purpose of resale for benefit and profit of Plaintiff, thereby creating a fiduciary relationship between Plaintiff and Defendant Johnson as to the Coin Bundle.

21. Defendant Johnson breached his fiduciaries duty to Plaintiff when he failed and refused to sell the Coins and Coin Bundle as agreed by the parties and deliver the proceeds of the sales to Plaintiff and has continuously failed and refused to account to Plaintiff as to the whereabouts of the Coins and Coin Bundle.

22. As a direct and proximate result of the Defendant Johnson's breach of fiduciary duties as described above, Plaintiff has been damaged in the sum of at least $20,000.00.

23. In doing the things herein alleged, Defendant Johnson has acted maliciously and is guilty of wanton disregard of rights and interests of Plaintiff, and by reason thereof, Plaintiff demands exemplary and punitive damages against Defendant Johnson in the sum of at least $100,000.00.

### THIRD CLAIM FOR RELIEF
#### Aiding and Abetting Breach of Fiduciary Duty
#### (Against Defendants John Jankowski and John Doe)

24. Plaintiff repeats and realleges as part of this claim each of the allegations contained in Paragraphs 1 through 23 of this complaint, with like effect as if herein fully repeated.

25. Plaintiff is informed and believes and thereon alleges that, Defendant Jankowski and Defendant John Doe are aware that Plaintiff entrusted Defendant Johnson with the care and possession of the Coins for the purpose of resale thereby creating a fiduciary relationship between Plaintiff and Defendant Johnson as alleged.

26. Plaintiff is informed and believes and thereon alleges that, Defendant Jankowski and Defendant John Doe are aware that Plaintiff entrusted Defendant Johnson with the care and possession of the Coin Bundle for the purpose of resale thereby creating a fiduciary relationship between Plaintiff and Defendant Johnson as alleged.

27. Plaintiff is informed and believes and thereon alleges that, Defendant Jankowski and Defendant John Doe have aided and abetted Defendant Johnson's breach of his fiduciary duties to Plaintiff when he failed to sell the Coins and Coin Bundle as agreed by the parties and deliver the proceeds of the sales to Plaintiff and continuously failed and refused to account to Plaintiff as to the whereabouts of the Coins and Coin Bundle.

28. As a direct and proximate result of Defendant Jankowski and Defendant John Doe aiding and abetting Defendant Johnson's breach of fiduciary duties as alleged herein, Plaintiff has been damaged in the sum of at least $20,000.00.

29. In doing the things herein alleged, Defendant Jankowski and Defendant John Doe acted maliciously and are guilty of wanton disregard of rights and interests of Plaintiff, and by reason thereof Plaintiff demands exemplary and punitive damages against Defendant Johnson and Defendant John Doe, and each of them, in the sum of at least $100,000.00.

## FOURTH CLAIM FOR RELIEF
### Aiding and Abetting Breach of Contract
### (Against Defendants John Jankowski and John Doe)

30. Plaintiff repeats and realleges as part of this claim each of the allegations contained in Paragraphs 1 through 29 of this complaint, with like effect as if herein fully repeated.

31. Plaintiff is informed and believes and thereon alleges that, Defendant Jankowski and Defendant John Doe were aware that Plaintiff and Defendant Johnson had entered into the Coin Sale Agreement and the Coin Bundle Agreement.

32. Plaintiff is informed and believes and thereon alleges that, Defendant Jankowski and Defendant John Doe have aided and abetted Defendant Johnson's breach of the Coin Sale Agreement and the Coin Bundle Agreement as herein alleged.

33. As a direct and proximate result of Defendant Jankowski and Defendant John Doe aiding and abetting Defendant Johnson's breach of the Coin Sale Agreement and the Coin Bundle Agreement as described above, Plaintiff has been damaged in the sum of at least $20,000.00.

34. In doing the things herein alleged, Defendant Jankowski and Defendant John Doe have acted maliciously and are guilty of a wanton disregard of the rights and interests of Plaintiff, and by reason thereof Plaintiff demands exemplary and punitive damages against Defendant Jankowski and Defendant John Doe, and each of them, in the sum of at least $100,000.00.

## FIFTH CLAIM FOR RELIEF
### Conversion
### (Against All Defendants)

35. Plaintiff repeats and realleges as part of this claim each of the allegations contained in Paragraphs 1 through 34 of this complaint, with like effect as of herein fully repeated.

36. Plaintiff is informed and believes and thereon alleges that, since on or about January 2022, Defendant Johnson, Defendant John Doe and Defendant Jankowski have acted in concert and (a) failed and refused to cause the Coins and the Coin Bundle to be sold and the proceeds of the sales delivered to Plaintiff, (b) deliver the proceeds of any of the Coins sold to Plaintiff and (c) refused to return the Coins or the Coin Bundle to Plaintiff despite repeated demands by Plaintiff that they do so and have, thereby, wrongfully converted the Coins, the Coin Bundle and aforementioned funds to their own use.

37. As a direct and proximate result of the Defendants' conversion as described above, Plaintiff has been damaged in the sum of at least $20,000.00.

38. In doing the things herein alleged, Defendant Johnson, Defendant John Doe and Defendant Jankowski, and each of them, have acted maliciously and are guilty of wanton disregard of the rights and interests of Plaintiff, and by reason thereof Plaintiff demands exemplary and punitive damages against said Defendants, and each of them, in the sum of at least $100,000.00.

## SIXTH CLAIM FOR RELIEF
### Fraud and Deceit
### (Against Defendant Johnson)

39. Plaintiff repeats and realleges as part of this claim each of the allegations contained in Paragraphs 1 through 38 of this complaint, with like effect as if herein fully repeated.

40. Plaintiff is informed and believes and thereon alleges that on or about January 2022, with the intent to defraud Plaintiff, Defendant Johnson falsely promised and represented to Plaintiff that Defendant would take possession of the Coins and Coin Bundle for the purpose of resale for the benefit of Plaintiff as alleged herein and, thereafter, sell the Coins and Coin Bundle and deliver the proceeds of the sales to Plaintiff.

41. At the time that Defendant made the representations to Plaintiff described in the previous paragraph, Defendant knew that he was not going to sell the Coins and Coin Bundle for the benefit of Plaintiff and deliver the proceeds of the sales to Plaintiff as he had promised. Defendant's intentional misrepresentations as herein alleged were reasonably believed and relied on by the Plaintiff.

42. In reasonable reliance on the promises and representations of the Defendant as alleged above, in January 2022, Plaintiff mailed the Coins in four shipments to Defendant Johnson to be sold by Defendant Johnson, as the agent for Plaintiff, for the benefit and profit of Plaintiff and, thereafter, authorized Defendant Johnson to purchase the Coin Bundle for the sum of $1,650.00 using funds provided by Plaintiff to be resold by Defendant Johnson, as the agent for Plaintiff, for the benefit and profit of Plaintiff.

9

43. As a direct and proximate result of the wrongful and fraudulent conduct of Defendant Johnson as described above, Plaintiff has been damaged in the sum of at least $20,000.00.

44. In doing the things herein alleged, Defendant Johnson acted maliciously and is guilty of a wanton disregard of the rights and interests of Plaintiff, and reason thereof Plaintiff demands exemplary and punitive damages against Defendant Johnson in the sum of at least $100,000.00.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them as follows:

**First Claim for Relief Against Defendant David Johnson**

1. For an amount of damages to be proven at trial in the sum of at least $20,000.00, plus pre-judgment interest at the legal rate from and after January 2022

**Second Claim for Relief Against Defendant David Johnson**

2. For an amount of damages to be proven at trial in the sum of at least $20,000.00, plus pre-judgment interest at the legal rate from and after January 2022,

3. For the sum of $100,000.00 as exemplary and punitive damages,

**Third Claim for Relief Against Defendants John Jankowski and John Doe**

4. For an amount of damages to be proven at trial in the sum of at least $20,000.00, plus pre-judgment interest at the legal rate from and after January 2022,

5. For the sum of $100,000.00 as exemplary and punitive damages,

**Fourth Claim for Relief Against Defendants John Jankowski and John Doe**

6. For an amount of damages to be proven at trial in the sum of at least $20,000.00, plus pre-judgment interest at the legal rate from and after January 2022,

7. For the sum of $100,000.00 as exemplary and punitive damages,

**Fifth Claim for Relief Against All Defendants**

8. For an amount of damages to be proven at trial in the sum of at least $20,000.00, plus pre-judgment interest at the legal rate from and after January 2022,

9. For the sum of $100,000.00 as exemplary and punitive damages,

**Sixth Claim for Relief Against Defendant Johnson**

10. For an amount of damages to be proven at trial in the sum of at least $20,000.00, plus pre-judgment interest at the legal rate from and after January 2022,

11. For the sum of $100,000.00 as exemplary and punitive damages,

**All Claims for Relief**

12. Reasonable attorney's fees as allowed by law,

13. Costs of suit, and,

14. Such other and further relief as the court may deem proper.

Respectfully submitted,

Ellis Law Office, LLC

James H. Ellis III
Counsel for Plaintiff

**JURY DEMAND**

Plaintiff demands trial by a jury in this action.

James H. Ellis III, Attorney for Plaintiff

11